**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PETER J. MUNOZ, JR., | ) | |
| Petitioner, | ) | 2:09-cv-0766-PMP-RJJ |
| vs. | ) | **ORDER** |
| HOWARD SKOLNIK, *et al.,* | ) | |
| Respondents. | ) | |

This is a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Peter J. Munoz, Jr., a Nevada prisoner. Before the court is respondents' motion to dismiss the petition (docket #12), petitioner's response (docket #15), together with petitioner's motion for summary judgment (docket #20), the response and reply. The motion to dismiss contends that the petition is fully unexhausted and must be dismissed. The motion for summary judgment claims that petitioner has not been properly afforded his good time credits and this fact violates his constitutional right to due process.

The motion to dismiss shall be granted and the motion for summary judgment denied.

**A.    Procedural Status**

Petitioner was convicted on an Alford plea and sentenced to a term of 144 months with the possibility of parole after 48 months for attempted lewdness with a child under fourteen years of age. Petitioner did not file a direct appeal, but did file a post conviction petition attacking the voluntariness of his plea and the effectiveness of his counsel. The petition was denied by the court on February 26, 2009. The Nevada Supreme Court has not ruled on the appeal.

Petitioner's federal petition was filed in this court on November 13, 2009 some time after is was submitted, due to petitioner's failure to pay the necessary filing fee or apply for leave to proceed in *forma pauperis*. The petition does not attack the basis of his conviction or sentence. Rather, it

attacks the calculation of the time he is required to serve. Specifically, petitioner claims the state is not giving him the proper good time credits, work credits, and programing credits, contending he is owed in excess of three thousand days credit. The petition presents the subtitle: "Motion for Proper Calculation of Good Time Days" (docket #10). The petitioner also complains that the "grievance process has been denied in this instant" violating the Fifth, Eighth, and Fourteenth Amendments. None of these claims address issues raised to the state court in his post-conviction petition. *See* Exhibit 5 to Motion to Dismiss.

**B.     Discussion**

Respondents contend that the petition must be dismissed because petitioner has not presented any of his claim to the proper state court for their review and resolution in order to exhaust his state court remedies.

**1.     Exhaustion**

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b)[1] "provides a simple and clear

---

[1] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by

1 instruction to potential litigants: before you bring any claims to federal court, be sure that you first have
2 taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v.*
3 *Lundy,* 455 U.S. 509, 520 (1982)).

4       In opposition to the motion to dismiss, rather than present evidence that the claims have
5 been presented to the Nevada Supreme Court or argue that exhaustion should be excused because of
6 some factor external to the defense, petitioner merely argues the merits of his claim that the state's way
7 of calculating good time credits is incorrect. Such arguments are not persuasive and will not overcome
8 the statutory requirement that he present his claims to the state court before coming here. No claims in
9 the petition have been properly exhausted. The petition shall be dismissed.

10     **2.**    **Motion for Summary Judgment**

11       The motion for summary judgement, filed by petitioner after the motion to dismiss, shall
12 be denied. Petitioner argues that he is entitled to relief because his claim is meritorious. He presents
13 an affidavit to support the petition. However, as noted above, because the petition is unexhausted, this
14 court's hands are tied. No relief may be granted.

15 **Certificate of Appealability**

16       In order to proceed with his appeal, petitioner must receive a certificate of appealability.
17 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951
18 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a
19 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
20 certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84
21 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's
22 assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In
23 order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are
24 debatable among jurists of reason; that a court could resolve the issues differently; or that the questions
25 are adequate to deserve encouragement to proceed further. *Id.*

26       Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section
27 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order
28 disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of

1 appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the
2 issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate
3 of appealability, and determines that none meet that standard. The Court will therefore deny petitioner
4 a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #12) is **GRANTED.** The petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion for summary judgment (docket #20) is **DENIED.**

**IT IS FURTHER ORDERED** that the court will not granted a certificate of appealability. The Clerk shall enter judgment accordingly.

DATED: July 19, 2010.

_____
PHILIP M. PRO
United States District Judge